ELECTRONICALLY FILED
8/22/2017 3:17 PM
03-CV-2017-901308.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| BENNY ADAMS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV-2017-_____ |
| | ) |
| ADOLFO GUZMAN, an individual, | ) |
| And SWIFT TRANSPORTATION CO. | ) |
| ARIZONA, LLC, a corporation, | ) |

There may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties Defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the parties Defendant which the Plaintiff must include by descriptive characterization are as follows:

Defendants A, B and C, that person who was operating the vehicle which permitted, caused or allowed a vehicle to collide with vehicle of Benny Adams;
Defendant D, E and F, that entity on whose behalf the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Benny Adams, was being operated;
Defendant G, H and I, that entity who was the employer of the driver of the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle of Benny Adams;
Defendant J, K and L, that entity which owned the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Benny Adams;
Defendant M, N and O, that entity who controlled the operation of the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Benny Adams;
Defendant P, Q and R, that entity which entrusted the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Benny Adams to the driver of said vehicle;
Defendant S, T and U, that entity which maintained the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Benny Adams;
Defendant V, W, and X, the person, firm or corporation for whose benefit the trip was being made by the Defendant(s) on the occasion of the accident made the basis of this suit;
Defendants Y, Z, and AA, that person, firm or corporation who was in control and direction of the trip being conducted by the Defendant(s) at the time of the accident made the basis of this suit;

Defendants BB, CC and DD, that entity who designed, manufactured or otherwise marketed the vehicle that Benny Adams was operating at the time of the incident made the subject matter of this lawsuit;

Defendants EE, FF, and GG, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity which negligently entrusted to Defendants A, B, and C, the vehicle being driven on the occasion made the basis of this Complaint;

Defendants, HH, II, and JJ, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity which had any interest by way of trip-lease, contract, lease, or similar agreement whatsoever in the operation of the vehicle by Defendants A, B, and C, on or about the occasion made the basis of this Complaint;

Defendants, KK, LL, and MM, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity for whom Defendants A, B, and C, were acting within the line and scope of authority, or agency with said entity, on the occasion made the basis of this Complaint,

Defendants, NN, OO, and PP, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity (which in addition to those individuals and entities described above) whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

Defendants, QQ, RR, and SS, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity (which in addition to those individuals and entities described above) whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

Defendants, TT, UU, and VV, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein;

Defendants, WW, XX, and YY, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity who or which is/are the successor in interest of any Defendant named or described herein;

Defendants, ZZ, AAA, and BBB, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity who or which is/are the predecessor to any Defendant named or described herein;

Defendants, CCC, DDD, and EEE, those persons, firms, corporations or other legal entities that breached a legal duty owed to the Plaintiff whether in tort, contract, equity or statutory violation thereby proximately causing his injuries;

**Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned Counsel, and complains of the Defendant as follows:

**Parties/ Jurisdiction**

1. The Plaintiff, Benny Adams, is over the age of nineteen (19) years and a resident citizen of the State of South Carolina.

2. The Defendant, Adolfo Guzman, is over the age of nineteen (19) years and was acting as an employee, agent, or servant of Swift Transportation Co. Arizona, LLC at all times relevant to this Complaint.

3. The Defendant, Swift Transportation Co. Arizona, LLC (hereinafter "Swift"), is a firm, partnership, corporation or other legal entity located in the State of Arizona. At all times, relevant to this Complaint, Swift was doing business in the State of Alabama.

4. The incident made the basis of this Complaint occurred in Montgomery County, Alabama.

5. The amount in controversy exceeds the jurisdictional limits of this Court.

6. Jurisdiction and venue are proper in this Court.

**COUNT I**

**Negligence / Wantonness**

7. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

8. Plaintiff avers that on or about April 14, 2016, in the parking lot of the Flying J in Hope Hull, in Montgomery County, Alabama, Defendant Adolfo Guzman, negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the vehicle in which the Plaintiff was located.

9. As a direct or proximate consequence of the negligence or wantonness of the Defendants, the Plaintiff was caused to suffer the following injuries and damages:

    (a)    Plaintiff was caused to suffer physical pain and suffering;

    (b)    Plaintiff was caused to suffer mental anguish and emotional distress;

    (c)    Plaintiff was caused to seek medical treatment and was prevented from going about his normal activities;

    (d)    Plaintiff was permanently injured;

    (e)    Plaintiff was caused to incur medical expenses to treat and cure his injuries;

    (f)    Plaintiff was caused to lose time from his work and caused to suffer a loss of earned income;

    (g)    Plaintiff was caused to be injured and damaged, all to his detriment.

10. The Plaintiff avers that the negligence or wanton conduct of each of the Defendants, both named and fictitious, combined and concurred to proximately cause the Plaintiff's injuries as herein above alleged.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined.

## COUNT II

### Respondeat Superior

11. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

12. On April 14, 2016, at the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant, Swift, was the principal and/or employer of Defendant Adolfo Guzman.

13. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant Adolfo Guzman was acting as the agent, servant and/or employee of Defendant Swift.

14. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant Adolfo Guzman was acting within the line and scope of their employment with Defendant Swift.

15. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant Adolfo Guzman was operating a vehicle in furtherance of the business purposes of Defendant Swift. Defendant Swift knew or should have known Defendant Adolfo Guzman would be operating its vehicles on the public roadways of the State of Alabama.

16. As a result of the foregoing, Defendant, Swift, is liable to Plaintiff, Benny Adams, under respondeat superior for the negligent or wanton conduct of Defendant Adolfo Guzman that proximately caused Plaintiff's injuries as described in Paragraph 9.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Benny Adams, requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendant, Swift, for compensatory and punitive damages, in an amount that adequately reflects the enormity and wrongfulness of the Defendant's conduct and that will effectively prevent other similar wrongful acts by Defendant in the future. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT III

### Negligent /Wanton Hiring, Training, and Supervision

17. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

18. Defendant, Adolfo Guzman, was working as an employee of Swift at all times relevant to this Complaint.

19. Defendant, Swift, employed Defendant, Adolfo Guzman, as an employee with actual knowledge that Defendant, Adolfo Guzman, would be responsible for operating a motor vehicle on Alabama's roadways within the line and scope of their employment.

20. Defendant, Swift, knew at the time it hired Defendant, Adolfo Guzman, as an employee that ordinary care required that Defendant, Swift, train and instruct its employees to observe and obey the traffic laws of the State of Alabama.

21. Upon information and belief, Defendant, Swift, negligently or wantonly hired, trained, and supervised Defendant, Adolfo Guzman, in that it failed to ascertain whether Defendant, Adolfo Guzman, was a safe and skillful driver, failed to adequately train Defendant, Adolfo Guzman, in the safe operation of a motor vehicle and failed to properly supervise in his operation of a motor vehicle.

22. As a direct or proximate result of the negligent or wanton conduct of Defendant, Swift, Plaintiff was caused to suffer the injuries and damages set out in Paragraph 9 above.

WHEREFORE, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined.

## COUNT IV

### Negligent /Wanton Hiring, Training, Retention, and Supervision

23. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

24. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant, Adolfo Guzman, was acting as the agent, servant and/or employee of Defendant, Swift.

25. As Defendant Adolfo Guzman's principal and/or employer, Defendant, Swift, had a duty to exercise due and proper diligence in an effort to hire, train and/or supervise competent employees.

26. Defendant, Swift, negligently or wantonly breached this duty by failing to hire, train or supervise competent employees on or about the date of the occurrence made the basis of the Plaintiff's Complaint.

27. Plaintiff alleges that his injuries and damages hereinafter described are a proximate consequence of the negligent, reckless, wanton, willful and/or wrongful conduct of the Defendant, Swift and/or Fictitious Party Defendants A through EEE, described above.

28. As a proximate consequence of the aforesaid wrongful, negligent, reckless, willful or wanton conduct of the above-described Defendant, fictitious party defendants, combined and concurred, the Plaintiff was injured as described in Paragraph 9.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Benny Adams, requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendant, Swift, for compensatory and punitive damages in an amount that adequately reflects the enormity and wrongfulness of the Defendant's conduct and that will effectively prevent other similar wrongful acts by Defendant in the future. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT V

### Negligent Entrustment

29. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

30. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant, Adolfo Guzman, negligently or wantonly caused or allowed a motor vehicle to collide with the vehicle in which Benny Adams was located. Said negligent or wanton conduct was a proximate cause of Plaintiff's injuries and damages described in Paragraph 9.

31. At the aforesaid time and place, Defendant, Swift, was the owner of and had the right of control over the use of the motor vehicle driven by Defendant, Adolfo Guzman. Defendant, Swift, as owner, negligently entrusted said vehicle to Defendant, Adolfo Guzman, who negligently or wantonly operated said vehicle injuring the Plaintiff.

32. Defendant, Adolfo Guzman, was incompetent to operate said motor vehicle, and Defendant, Swift, knew or, by the exercise of reasonable care, should have known that Defendant, Adolfo Guzman, was incompetent to operate said motor vehicle.

33. Defendant, Swift, entrusted said vehicle to Defendant, Adolfo Guzman, and is therefore liable to the Plaintiff. Said negligent entrustment was a proximate cause of Plaintiff's injuries and damages described in Paragraph 9.

34. Plaintiff alleges that his injuries and damages hereinafter described are a proximate consequence of the negligent, reckless, wanton, willful and/or wrongful conduct of the Defendants, Swift and Fictitious Party Defendants A through EEE, described above.

35. As a proximate consequence of the aforesaid wrongful, negligent, reckless, willful or wanton conduct of the above-described Defendant, fictitious party defendants, combined and concurred, the Plaintiff was injured as described in Paragraph 9.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Benny Adams, requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendant, Swift, for compensatory and punitive damages in an amount that adequately reflects the enormity and

wrongfulness of the Defendant's conduct and that will effectively prevent other similar wrongful acts by Defendant in the future. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT VI

### Fictitious Defendants

36. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

37. Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "**A through EEE**", combined and concurred to directly and/or proximately cause the Plaintiff's injuries and damages set out in **COUNT I, COUNT II, COUNT III, COUNT IV, and COUNT V** above. Defendants, "**A through EEE**", whose current names and identities are unknown to the Plaintiff at the present time, will be correctly named and identified by amendment when properly ascertained.

**WHEREFORE**, the Plaintiff claims of the Fictitious Defendants, "**A through EEE**", damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined.

/s/ Brett H. Hollett
BRETT H. HOLLETT (HOL136)
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

/s/ Brett H. Hollett
BRETT H. HOLLETT (HOL136)

OF COUNSEL:

FARRIS, RILEY & PITT, LLP
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL 35203
P: (205) 324-1212
F: (205) 324-1255
bhollett@frplegal.com


**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Swift Transportation Co. Arizona, LLC
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Adolfo Guzman
2 North Jackson Street, Suite 605
Montgomery, AL 36104