IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENNY ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17cv622-ECM |
| | ) | (WO) |
| ADOLFO GUZMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Now pending before the court is a stipulation of dismissal filed by the plaintiff. (Doc. # 24.) Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that the plaintiff may dismiss an action without court order by "filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Defendants Swift Transportation filed an answer on September 25, 2017. (Doc. # 6). Defendant Adolfo Guzman filed an answer on November 1, 2017. (Doc. # 9). Consequently, the plaintiff's stipulation of dismissal is not proper under FED.R.CIV.P. 41(a)(1)(A)(i). FED.R.CIV.P. 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." The stipulation of dismissal is signed only by the plaintiff. (Doc. # 24).

Because the defendants have appeared and filed answers, dismissal must be by motion. *See* Fed. R. Civ. P. 41(a)(2). Accordingly, the court construes the stipulation as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). For good cause, it is

ORDERED that the motion to dismiss (doc. # 24) is GRANTED, and this case be and is hereby DISMISSED with prejudice, each party to bear its own costs. It is further

ORDERED that all pending deadlines are terminated and all pending motions are hereby DENIED as moot.

DONE this 12th day of December, 2018.

                                            /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    UNITED STATES DISTRICT JUDGE